ALTENBERND, Judge.
The Florida Department of Health and Rehabilitative Services (HRS) appeals an *923 order denying its petition for modification of a child support order entered in an action for separate maintenance. Because the wife is currently receiving AFDC benefits, HRS seeks to modify the order to compel the husband to make his child support payments through the county depository as described in section 61.13(l)(d), Florida Statutes (1989). We affirm the order denying this modification.
On October 22, 1990, Mrs. Branscomb filed a petition for custody and support for a minor child without dissolution of marriage. This petition was authorized by section 61.10, Florida Statutes (1989). On December 12, 1990, the trial court entered a final judgment of separation, giving primary physical residence of the couple’s minor child to Mrs. Branscomb and ordering Mr. Branscomb to pay $43 per week as child support. This separation order does not require the support to be paid through the county depository.[1]
Four months later, HRS filed its petition for modification. The petition alleges in standardized language that the petitioner is “unable to enforce her entitlement to receive child support without the payments being paid through the Clerk of the Circuit Court.” It is unclear whether Mrs. Branscomb began receiving AFDC benefits before or after the date of the initial judgment. Moreover, HRS did not allege that Mr. Branscomb had failed to make his payments directly to his wife. Thus, the petition alleges neither a change in circumstances nor any default by Mr. Branscomb.
Assuming the requirements of section 61.13(l)(d) apply to this order entered under section 61.10, HRS has the “same rights as” Mrs. Branscomb. Once she elected not to require the support payments to be made through the depository, she was entitled to seek a change of that method only if her husband defaulted. § 61.13(l)(d)4., Fla.Stat. (1989). HRS has not established in this case that it has greater rights in this regard than does Mrs. Branscomb.
It is apparent that HRS is convinced that the county depository is the most convenient way for it to protect its subrogation rights for AFDC benefits. It is not clear to this court, however, that this method is most convenient or economical for the husband and wife, who are separated but not divorced. It is also apparent that HRS wishes to fully comply with it obligations as a Title IY-D agency under federal statutes and regulations. See, e.g., 42 U.S.C. § 652 (1989); Public Welfare 45 C.F.R. § 302.32 (1985). These concerns are meritorious, but, on the face of this record, HRS did not prove to the trial court and it has not proven to this court that the separation order must be modified to fulfill any federal mandate.
Affirmed.
CAMPBELL, A.C.J., and PARKER, J., concur.

. Section 61.13(l)(d) requires all child support orders entered on or after January 1, 1985, to direct payment of child support through the county depository unless the parties request and the court finds that it is in the best interest of the child for payments to be otherwise paid. The record does not establish whether the parties did or did not make such a request. We have no reason to conclude that they did not. Moreover, it is not entirely clear to us that the extensive regulation of child support that is statutorily required in a divorce is also essential when the parents are merely subject to a separation order under section 61.10. We have no need to resolve this issue in this case.